J-S26040-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| LEAVEIL ABDUL SWEENEY | : | |
| | : | |
| Appellant | : | No. 1614 MDA 2016 |

Appeal from the Judgment of Sentence September 19, 2016
In the Court of Common Pleas of York County
Criminal Division at No(s): CP-67-CR-0000504-2016

BEFORE: BOWES, DUBOW, and FITZGERALD,[*] JJ.

MEMORANDUM BY FITZGERALD, J.:                    **FILED MAY 22, 2017**

Appellant, Leaveil Abdul Sweeney, appeals from the judgment of sentence of nine to sixteen months' imprisonment entered in the York County Court of Common Pleas following his bench trial convictions of driving under the influence of alcohol ("DUI"),[1] possession of a small amount of marijuana,[2] possession of drug paraphernalia,[3] and driving under suspension, DUI related.[4]    Appellant challenges the sufficiency of the

---

[*] Former Justice specially assigned to the Superior Court.

[1] 75 Pa.C.S. § 3802(a)(1).

[2] 35 P.S. § 780-113(a)(31).

[3] 35 P.S. § 780-113(a)(32).

[4] 75 Pa.C.S. § 1543(b).

evidence for his possession of a small amount of marijuana and drug paraphernalia convictions. We affirm.

We adopt the facts and procedural history set forth by the trial court's opinion. *See* Trial Ct. Op., 1/10/17, at 2, 5-8. In this timely appeal, Appellant raises the following issue for review: "[w]hether the Commonwealth presented sufficient evidence to support [Appellant's] possession of a small amount of marijuana and possession of drug paraphernalia convictions?" Appellant's Brief at 5.

Appellant argues that the evidence was insufficient because the Commonwealth failed to establish he constructively possessed the marijuana or drug paraphernalia found in the vehicle he was driving. Appellant contends that the evidence did not prove that he either knew the drugs or drug paraphernalia were in the vehicle, or that he intended to possess or exercise dominion over the same. He emphasizes that the vehicle in question belonged to his wife, Jean Sweeney, and, as a passenger at the time in question, Mrs. Sweeney was within arm's reach of the contraband. Therefore, Appellant avers the evidence failed to establish that Appellant, and not Mrs. Sweeney alone, was responsible for the drugs and drug paraphernalia in the car. Thus, Appellant claims that this Court should vacate his judgment of sentence. We conclude no relief is due.

Our review is governed by the following principles:

> The standard we apply in reviewing the sufficiency of evidence is whether, viewing all the evidence admitted at

trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for that of the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the trier of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

*Commonwealth v. Ratsamy*, 934 A.2d 1233, 1236 n.2 (Pa. 2007) (citation

omitted). Furthermore,

[T]he critical inquiry on review of the sufficiency of the evidence to support a criminal conviction . . . does not require a court to ask itself whether **it** believes that the evidence at the trial established guilt beyond a reasonable doubt. Instead, it must determine simply whether the evidence believed by the fact-finder was sufficient to support the verdict.

*Id.* at 1235-36 (quotation marks and citation omitted).

The doctrine of constructive possession provides:

[i]n order to prove that a defendant had constructive possession of a prohibited item, the Commonwealth must establish that the defendant had both the ability to consciously exercise control over it as well as the intent to exercise such control. An intent to maintain a conscious dominion may be inferred from the totality of the circumstances, and circumstantial evidence may be used

- 3 -

to establish a defendant's possession of drugs or contraband.

*Commonwealth v. Harvard*, 64 A.3d 690, 699 (Pa. Super. 2013) (quotation marks and citations omitted).

After a thorough review of the record, the briefs of the parties, the applicable law, and the trial court's opinion, we conclude the trial court's opinion properly disposes of Appellant's argument regarding constructive possession. *See* Trial Ct. Op. at 3-10 (finding the totality of the circumstances supported the conclusion that Appellant was in constructive possession of the drugs and drug paraphernalia, where (1) the responding officer testified that he detected a strong odor of freshly burnt marijuana upon stopping the car and that Appellant's demeanor was, in his experience, consistent with an individual who was under the influence of marijuana, (2) the burnt ends of two marijuana "blunts" were recovered from beneath the visor on the passenger's side of the car, an area easily accessible by Appellant, (3) that contraband indicated, circumstantially, that two people were likely smoking, and (4) Appellant had time to attempt to conceal the contraband because he failed to stop for a half mile after the responding officer signaled him). Accordingly, we affirm on the basis of the trial court's opinion.

Judgment of sentence affirmed.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>5/22/2017</u>



**Defendant-Name:**

**Leaveil Abdul Sweeney**



**Case Number**



OTN:

**L 979184-3**

| Serviced TO: | BY: | Mail | CERT Mail | Inter-Office | Hand DEL | FAX | E-MAIL |
|---|---|---|---|---|---|---|---|
| 1. | | | | | | | |
| 2. | | | | | | | |
| 3. | | | | | | | |

Notes:

☐ RE-SCAN needed

Reason:

**RETURN TO RECORDS UNIT**

Ness, Harry M.

I attest and certify that as Deputy Clerk of Courts I have properly Serviced and Docketed the documents related to this case action and have verified the completeness and image quality of the scanned documents.

Signature or Stamp - Deputy Clerk of Courts

☐ **Docketed in CPCMS**   Date:

☐ Scanned Images OK - Verified / QC'd

**Don O'Shell - York County Clerk of Courts**

# IN THE COURT OF COMMON PLEAS
## OF YORK COUNTY, PENNSYLVANIA
### CRIMINAL DIVISION

COMMONWEALTH OF      :   No. CP-67-CR-0000504-2016
PENNSYLVANIA,           :
                           :
        v.                 :
                           :
LEAVEIL A. SWEENEY,       :
    Appellant             :

2017 JAN 10 AM 9: 35
DON O'SHELL
CLERK OF COURTS
RECEIVED/FILED
YORK COUNTY
JUDICIAL CENTER

## OPINION IN SUPPORT OF ORDER
## PURSUANT TO Pa.R.A.P. 1925(a)

Appellant Leaveil A. Sweeney appeals to the Superior Court of Pennsylvania from the Judgment of Sentence issued on August 19, 2016. On October 4, 2016, and pursuant to Pa. R.A.P. 1925(b), the trial court directed Appellant to file a Concise Statement of Matters Complained of on Appeal. Appellant filed a motion to enlarge the time within which to file his Concise Statement of Matters Complained of on Appeal, which motion was granted by the trial court. On December 5, 2016, Appellant filed the statement. The trial court now issues this 1925(a) Opinion.

# PROCEDURAL HISTORY

Following a bench trial before Honorable Christy H. Fawcett ("trial court") on July 21, 2016, Appellant was convicted of driving under the influence of alcohol, general impairment, in violation of 75 Pa.C.S.A. § 3802(a)(1)(Count 1); possession of a small amount of marijuana, in violation of 35 Pa.C.S.A. § 780-113 (31) (Count 6); possession of drug paraphernalia, in violation of 35 Pa.C.S.A. § 780-113(32) (Count 7); and driving under suspension, DUI related, in violation of 75 Pa.C.S.A. § 1543(b).

On August 19, 2016, the trial court sentenced Appellant to an aggregate term of nine to 16 months' imprisonment.

On September 27, 2016, Appellant filed a Notice of Appeal with this Court.

# MATTER COMPLAINED OF ON APPEAL

Appellant raises a single ground for error:

2

Whether the Commonwealth presented sufficient evidence to convict Appellant beyond a reasonable doubt of possession of a small amount of marijuana and possession of drug paraphernalia when the Commonwealth failed to prove Appellant's constructive possession of marijuana and drug paraphernalia.

## DISCUSSION

**The Commonwealth presented sufficient evidence to establish the defendant's constructive possession of the marijuana and drug paraphernalia beyond a reasonable doubt.**

Evidence is sufficient to support the verdict "when it establishes each material element of the crime charged and the commission thereof by the accused beyond a reasonable doubt." Commonwealth v. Widmer, 744 A.2d 745, 751 (Pa. 2000). In reviewing a sufficiency claim, this Court "[v]iew[s] the evidence in the light most favorable to the verdict winner, giving the prosecution the benefit of all reasonable inferences to be drawn from the evidence." Id.

The Commonwealth "need not preclude every possibility of innocence." Commonwealth v. Tejada, 107 A.3d 788, 792 (Pa. Super. 2015). Moreover, "doubts regarding the defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn

3

from the combined circumstances." Commonwealth v. Lambert, 2002 Pa. Super. 82, 85.

Here, the Commonwealth established Appellant's possession of the drugs and paraphernalia in question via the legal theory of constructive possession. Constructive possession is "an inference arising from a set of facts that possession of the contraband was more likely than not." Commonwealth v. Hopkins, 67 A.3d 817, 820 (Pa. Super. 2013), appeal denied, 78 A.3d 1090 (Pa. 2013). The Superior Court has defined constructive possession as "conscious dominion" or the "power to control the contraband and the intent to control the contraband." Id.

Moreover, two or more people may jointly constructively possess an item or items of contraband. Commonwealth v. Sanes, 955 A.2d 369 (Pa. Super. 2008), appeal denied, 972 A.2d 521 (Pa. 2009).

The Commonwealth may sustain its burden of establishing proof beyond a reasonable doubt by circumstantial evidence alone and constructive possession may be established by the totality of the

circumstances. Commonwealth v. Markman, 916 A.2d 586, 598 (Pa. 2007).

As the trier of fact, the trial court was permitted to determine the credibility of the witnesses and the weight of the evidence produced. Commonwealth v. Kearney, 92 A.3d 51, 64 (Pa. Super. 2014)(citation omitted). It was "free to believe all, part or none of the evidence." Id.

Here, veteran Police Officer Randy Wagner testified that while patrolling at approximately 1:30 am, October 31, 2015, he saw a beige Lexus sedan "cross over the double yellow lines three times and cross over the fog line five times." (Notes of Testimony, Trial of July 21, 2016, 4-10.) [1] Suspecting that the driver was impaired, the officer activated his lights and siren to make a stop. (N.T. 11-12.) The vehicle, however, continued traveling for approximately a half mile, stopping only after it failed to properly negotiate a turn and "nearly drove off the road." (N.T. 12.)

As the officer approached the vehicle on foot, he "immediately smelled the odor of burnt marijuana coming from the car." (N.T. 14.) He observed that Appellant was driving the car and a woman who

---

[1] Hereinafter "N.T.___".

5

identified herself as Appellant's wife ("Mrs. Sweeney") occupied the passenger seat. (N.T. 13, 34.)

In response to the officer's inquiry about the smell of burning marijuana, Mrs. Sweeney pulled a cigar wrapper enveloping two "roaches"[2] containing marijuana from above the passenger-side visor and gave them to the officer. (N.T. 14-15.) She told him she had been smoking. (N.T. 15.) The marijuana "looked freshly burnt and smelled freshly burnt." (Id.)

During this time, Appellant "seemed very confused or distant" and "really relaxed." (Id.) This required the officer to "to repeat things to get him to respond to me." (Id.) In the officer's experience, this behavior was consistent with the behavior of a person who had been smoking marijuana. (N.T. 27.) In addition, Appellant's eyes were bloodshot and watery and the smell of an alcoholic beverage was coming from his breath. (Id.)

Based on Appellant's driving, his interactions with the officer, and the strong odor of burnt marijuana, Officer Wagner believed Appellant

---

[2] As described by counsel and consistent with the Court's experience, "roaches" are the remains of a partially-smoked marijuana cigarette. (See N.T. 50.)

"was under the influence of either alcohol or marijuana or a combination of both of them." (N.T. 17.) Appellant, however, "denied drinking anything or smoking any marijuana." (N.T. 16.)

Officer Wagner then administered a battery of standard field sobriety tests on which Appellant delivered an unsatisfactory performance. (N.T. 19-24.)

Called as a witness for Appellant, Mrs. Sweeney testified she was asleep in the car when the police officer pulled it over. (N.T. 35.) Earlier in the evening she met Appellant at the home of a relative. (N.T. 37-38.) She claimed she was ill and "begged" Appellant to drive her home. (N.T. 36.) She claimed ownership of the roaches contained in the cigar wrapper and found under the passenger-side visor, a pill bottle containing marijuana apparently retrieved from under her seat, and a digital scale. (N.T. 38-39.)[3] Mrs. Sweeney alleged that Appellant did not know marijuana roaches were in the car but she did not know whether he was aware of the presence of the scale. (Id.)

---

[3] The exact location within the car of the digital scale and the pill bottle containing marijuana is not entirely clear. Regardless, the undisputed evidence is that the cigar wrapper containing the roaches was recovered from behind the front passenger seat visor. The cigar wrapper was charged as an item of drug paraphernalia. See N.T. 51 .

7

Mrs. Sweeney testified that she had smoked marijuana in the car earlier that day and before she was with Appellant. (N.T. 40.) She claimed that she purchased the marijuana for her father and had acquired a scale because she "wanted to make sure [she] was getting the right amount" for her father. (N.T. 38.) She pleaded guilty to possession of a small amount of marijuana and possession of drug paraphernalia in connection with the incident. (N.T. 41.)

The trial court based its verdict that Appellant was guilty of jointly constructively possessing the marijuana and the drug paraphernalia on a number of pieces of circumstantial evidence and reasonable inferences derived from that circumstantial evidence. This included the testimony of Officer Wagner, a trained and experienced law enforcement officer whom the trial court found to be a credible witness. Officer Wagner testified that immediately upon approaching the car driven by Appellant, he noticed a strong odor of burnt marijuana. He specified that the marijuana looked and smelled freshly burnt. The marijuana was recovered from beneath the visor on the passenger side of the car, an area easily accessible by Appellant who, as the driver, had control of the car. The cigar wrapper contained two

8

roaches, circumstantially indicating that two people were smoking the marijuana. In addition, the officer testified that Appellant's confused and distant manner was consistent with behavior exhibited by a person under the influence of marijuana.[4]   In addition, the trial court notes Appellant failed to stop for approximately a half mile after the officer signaled him. This would provide a sufficient interval for Appellant and his wife to both conceal the roaches and to fabricate a cover story.

The trial court specifically finds that Mrs. Sweeney's testimony was not credible. Her assertion that she had purchased the marijuana for her father was unbelievable. Ditto for her claim that she— apparently by herself—smoked marijuana in the car at a time that was never specified but that was apparently purportedly many hours prior to the stop. This assertion is flatly contradicted by Officer Wagner's testimony that he smelled the strong odor of freshly burnt marijuana as he approached the car. The trial court also notes that Appellant's statement to the officer that he ingested neither alcohol nor marijuana is not credible given his abysmal driving and performance on the field

_____

[4] The trial court acknowledges that Appellant's behavior, standing alone, is insufficient to establish his joint constructive possession of the marijuana and drug paraphernalia. It is, however, one piece of circumstantial evidence that supports this conclusion.

sobriety tests. The likelihood that he was untruthful about his alcohol consumption also casts doubt on his representation that he did not ingest marijuana.

The totality of the evidence recited above viewed in the light most favorable to the Commonwealth but, most particularly, evidence of the strong odor of freshly burnt marijuana and the presence of two roaches dwrapped in drug paraphernalia in an area easily accessible by Appellant, who was the driver of the car, circumstantially established that Appellant jointly and constructively possessed the marijuana and drug paraphernalia found in the car.

## CONCLUSION

In conclusion, the trial court respectfully requests that the Superior Court affirm the verdict of the trial court.

BY THE COURT:

Dated: January 9, 2017

_Christy H. Fawcett_
CHRISTY H. FAWCETT